635 So.2d 104 (1994)
CHICAGO TITLE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
FLORIDA INLAND NAVIGATION DISTRICT, Appellee/Cross-Appellant.
No. 93-0069.
District Court of Appeal of Florida, Fourth District.
March 30, 1994.
Clarification Denied May 17, 1994.
Ted B. Edwards of Smith, Mackinnon, Harris, Greeley, Bowdoin & Edwards, P.A., Orlando, for appellant/cross-appellee.
Winslow D. Hawkes, III, and Andrew J. McMahon of Hawkes & McMahon, P.A., for appellee/cross-appellant.
PER CURIAM.
Appellant, Chicago Title Insurance Company, sought judicial declaration that certain property in Indian River County, title to which it had insured, was not subject to a perpetual easement granted by the State of Florida to the United States for right of way purposes and maintenance of the Atlantic Intracoastal Waterway.[1] We affirm in all respects the trial court's judgment which not only determined the easement to have been vested in the United States at the time suit was filed, but also determined the size of the spoil easement. We discuss briefly two of appellant's points.
Title to the subject property vested in the State of Florida in 1850 by virtue of the Swamp Land Act, 9 Stat. 519, 43 U.S.C. §§ 982, 983 (1850). As this was an in praesenti grant, Florida's title to the property, although vested by the Act of Congress, was nonetheless inchoate and would remain so until the United States issued a patent, at which time title would become perfect as of the date of the grant (1850). Wright v. Rosenberry, *105 121 U.S. 488, 7 S.Ct. 985, 30 L.Ed. 1039 (1887); Little v. Williams, 231 U.S. 335, 339-40, 34 S.Ct. 68, 70, 58 L.Ed. 256 (1913). It was not until 1970 that the United States, at the request of the State, issued to the State of Florida a patent to the property.[2] However, before its title to the property was perfected by the patent issued in 1970, the State executed and delivered two conveyances that bear on the issue here. In 1941, the State conveyed the subject perpetual easement to the United States for construction and maintenance of the Atlantic Intracoastal Waterway, which easement was recorded in the public records of Indian River County in 1942. In 1953 the State, through the Trustees of the Internal Improvement Fund, conveyed to appellant's insured's predecessor in title a fee simple title to the property but without any reservation or restriction pertaining to the easement theretofore granted to the United States.
Appellant argues that the United States, by issuing the patent in 1970 without reserving its interest in the easement, effectively conveyed the easement along with the fee simple title to the State, and that under the doctrine of relation the unencumbered fee title then inured to the benefit of the State's grantee, appellant's insured's predecessor in title. The patent issued in 1970 was an administrative action required by the Swamp Lands Act to perfect the State's title, and operated merely as record evidence of the title, and added nothing to the title itself. Wright. While containing traditional language of conveyances,[3] the patent did not in law convey any title or appurtenances to the property  that had been conveyed by the Act of Congress  but it did perfect the State's title which had vested in 1850. Of course, under the doctrine of relation, the perfected title inured to the benefit of the State's grantees. One such grantee (of a perpetual easement in the property) was the United States. The issuance of the patent without reservation of the United States' easement rights did not operate to release or relinquish such easement rights.
The trial court found that for more than thirty years the United States had not used the easement and that the 1953 deed to appellant's insured's predecessor in title constituted a root of title under the Marketable Record Title Act, ("MRTA") Chapter 712 Florida Statutes. It was appellant's position below, and is here, that the United States' rights in the perpetual easement were extinguished under the provisions of Section 712.02, Florida Statutes (1989) due to its nonuse for the statutory period. The trial court held, and we agree, that to apply the provisions of MRTA to extinguish the property interest of the United States would violate Article IV, Section 3, clause 2, of the United States Constitution giving Congress the power to legislate disposition of property of the United States. Although appellant insists that appellee did not and does not have standing to assert a position on behalf of the United States, the trial court found, properly so, that the pre-suit escrow agreement of the parties expressly provided that the suit would involve a determination of "the rights and privileges of the United States to enforce the Spoil Easement against the Property."
AFFIRMED.
DELL, C.J., KLEIN, J., and OWEN, WILLIAM C., Senior Judge, concur.
NOTES
[1] After suit was filed the federal government relinquished the easement in exchange for a spoil easement in another area. The outcome of this suit, therefore, does not affect the title  it merely determines whether appellant or appellee ultimately will bear the costs of acquiring the replacement spoil easement.
[2] This patent contained no reservation to the United States of easement rights in the property.
[3] NOW KNOW YE, that the UNITED STATES OF AMERICA, in consideration of the premises, HAS GIVEN AND GRANTED, and by these presents DOES GIVE AND GRANT unto the said State of Florida, in fee simple, subject to the disposal of the legislature thereof, the land above-described: TO HAVE AND TO HOLD the same, together with all the rights, privileges, immunities, and appurtenances, thereto belonging, unto the said State of Florida, in fee simple, and to its assigns forever.